IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL GOODMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) *Filed Electronically* |
| PATTERSON-UTI ENERGY, INC., a | ) |
| Foreign Business Corporation; and | ) |
| PATTERSON-UTI DRILLING LLC, a | ) |
| Foreign Business Corporation | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Patterson-UTI Energy, Inc. and Patterson-UTI Drilling Company LLC ("Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. As grounds for removal, Defendants state as follows:

1. On or about June 18, 2013, Defendants received a Complaint and a Notice to Defend entitled <u>Daniel Goodman v. Patterson-UTI Energy, Inc., a Foreign Business Corporation; and Patterson-UTI Drilling LLC, a Foreign Business Corporation</u>, venued in the Court of Common Pleas of Allegheny County, Pennsylvania at Case No. GD-11-006435. A copy of the docket sheet and all filings of record are attached hereto as Exhibit A. The Complaint was filed with the Court of Common Pleas of Allegheny County on June 18, 2013 as reflected on the docket sheet.

2. No further substantive proceedings have taken place in this action since the receipt of the Complaint by Defendants.

3. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, which provides that district courts shall have original jurisdiction over all civil actions where the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Complete diversity of citizenship exists between the parties because the Plaintiff is a citizen of Pennsylvania, (Exhibit A, Complaint at ¶ 1), Patterson-UTI Energy, Inc. is a Delaware corporation with its corporate offices located in Houston, Texas, and Patterson-UTI Drilling Company LLC is a Texas limited liability company with its corporate offices located in Houston, Texas. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

5. While Defendants deny the validity of Plaintiff's claims and request for relief thereon, the allegations in Plaintiff's Complaint and the damages claimed therein are in excess of $75,000, thus exceeding the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

6. Accordingly, this action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a)

7. In addition, Plaintiff sets forth five (5) claims in the Complaint, all pursuant to federal statutes, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and a provision of the American Recovery and Reinvestment Act of 2009.

8. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

9. As Plaintiff asserts claims exclusively under federal statutes, this Court has original jurisdiction pursuant to a federal question pursuant to 28 U.S.C. § 1331 and this action

may be removed pursuant to 28 U.S.C. § 1441(a) because those claims "aris[e] under the Constitution laws, or treaties of the United States."

10. Defendants have satisfied all of the procedural requirements for removal. Removal to this Court is appropriate pursuant to 28 U.S.C. §1441(a) because this District embraces the state court in which the removed action was pending.

11. This Notice of Removal is timely because it is being filed within 30 days after Defendants' receipt of the initial pleading setting forth the claims for relief upon which this action is based, as required by 28 U.S.C. §1446(b).

12. Pursuant to 28 U.S.C. §1446(d), on the same date as this Notice of Removal was filed, Defendants promptly notified Plaintiff's counsel at the address set forth in the Complaint: Walter J. Nalducci, Esq., Curtruzzula & Nalducci, 3300 Grant Building, 330 Grant Street, Pittsburgh, PA 15219. In addition, Defendants promptly notified the Court of Common Pleas of Allegheny County of this Notice of Removal on the same date. A copy of the written notice addressed to the Plaintiff's attorney and the Court of Common Pleas of Allegheny County, Pennsylvania is attached hereto as Exhibit B.

13. By filing this Notice of Removal, Defendants do not intend to waive any defense that may be available to them.

WHEREFORE, Defendants Patterson-UTI Energy, Inc. and Patterson-UTI Drilling Company LLC, respectfully request that the above-captioned action now pending against it in the Court of Common Pleas of Allegheny County, Pennsylvania be removed therefrom to this Court.

> Respectfully submitted,
>
> **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
>
> ***/s/ Philip K. Kontul***
> Philip K. Kontul (*PA 94156*)
> philip.kontul@ogletreedeakins.com
> One PPG Place
> Suite 1900
> Pittsburgh, PA 15222
> Phone: (412) 394-3352
> Facsimile: (412) 232-1799
> *Attorney for Defendants*

Dated: July 10, 2013

15434507.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was filed electronically on July 10, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A true and correct copy of this NOTICE OF REMOVAL was also served via U.S. First Class Mail, postage prepaid, and via facsimile upon the following:

> Walter J. Nalducci, Esq.
> Cutruzzula & Narducci
> 3300 Grant Building
> 300 Grant Street
> Pittsburgh, PA 15219
> Facsimile: (412) 471-2650
> (*Counsel for Plaintiff*)

**/s/ *Philip K. Kontul***
Counsel for Defendants

15434507.1